UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FELICIA QUIZEL MORGAN, by
her next Friend, Laura Campbell,

    Plaintiff,

v.                                        Case No. 17-12094

WAYNE COUNTY, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT**

Plaintiff Felicia Quizel Morgan has filed a motion for default judgment against Defendant Community Healthcare Providers, Inc., ("CHCP") which has failed to answer or appear. (ECF No. 87.) In 2017, Plaintiff asserted federal civil rights claims under 42 U.S.C. § 1983 and state law claims against CHCP, Wayne County, and the counties' employees, arising from a November 2005 sexual assault by another inmate, Eric Miles, at CHCP's mental health care facility. (ECF No. 1) Plaintiff was transferred to CHCP's Detroit psychiatric facility from the Wayne County Jail while still in custody. (*Id.,* PageID.5-6.)  Plaintiff contends that she later gave birth to a child while she was still incarcerated as a result of the 2005 assault. (*Id.*) All other named Defendants, besides CHCP, appeared in the matter, and summary judgment on all Plaintiff's claims were ultimately granted in favor of the appearing Defendants. (ECF Nos. 24, 85.)

The court has now disposed of claims against all Defendants besides CHCP. First, the court found that state law claims brought against Defendant Wayne County

and its employees were barred by Michigan's governmental immunity statute. (ECF No. 85, PageID.1696.) Next, the court granted summary judgment for the three Defendant Wayne County sheriff deputies who provided security at CHCP's facility because Plaintiff failed to demonstrate, given the deputies' knowledge at the time of the assault, that they acted with "deliberate indifference." (*Id.,* PageID.1708-09.) Finally, the court granted summary judgment for Defendant Wayne County on the 42 U.S.C. § 1983 claims against it because (1) the ward's security plan was not so deficient that it was "facially unconstitutional," and (2) the lack of prior assaults meant that the county was not on notice that it's training was insufficient. (*Id.*, PageID.1713.)

Plaintiff filed her complaint in June 2017 (ECF No. 1), and Defendant CHCP failed to answer or make appearances before the court. The clerk made an entry of default on November 1, 2017. (ECF No. 20.) After Defendant CHCP failed to remedy the default for over three years, Plaintiff filed the current motion against CHCP, now the sole remaining Defendant. (*See* ECF No. 87.)

Federal Rule of Civil Procedure 55(b) gives the court the power to enter a default judgment after a default has been entered by the clerk. *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 814 (E.D. Tenn. 2006); *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 930 (W.D. Mich. 2013). When considering a motion for default judgment, "well-pleaded factual allegations in the [c]omplaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)); *Flynn v. People's Choice Home Loans, Inc.*, 330 F. App'x 452, 455 (6th Cir. 2011).

Plaintiff has pleaded valid claims against Defendants. Plaintiff first raises three 42 U.S.C. § 1983 based counts and alleges that her rights under the Eighth and Fourteenth Amendments were violated by CHCP's failure to (1) protect Plaintiff from the known risk of other inmates, (2) by not adopting proper policies, and (3) by not adequately training and supervising its staff. (ECF No. 30, PageID.688-91.) Plaintiff also brings state law claims of wrongful conception, negligence, and gross negligence against CHCP. (ECF No. 30, PageID.691-94.) Responding to a motion to dismiss raised by Defendant Wayne County, the court previously found that Plaintiff had pled valid claims that were not time-barred by the statute of limitations despite her delay in filing the complaint. (ECF No. 24, PageID.630-35.) This holding applies equally to the identical claims raised against Defendant CHCP.

It is well established that 42 U.S.C. § 1983 claims can, in some instances, be pursued against private parties like CHCP when their conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). *See also Marie v. Am. Red Cross,* 771 F.3d 344, 362 (6th Cir. 2014) (recognizing four tests by which private conduct is attributable to the state "(1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test"). While CHCP, as a private corporation, cannot be held liable through respondent superior for the actions of its employees, it can be held liable when the "constitutional deprivation occurred as the result of an express policy or custom" it created. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (same). Similarly, Michigan courts have allowed

plaintiffs to pursue state law tort claims against private psychiatric hospitals for sexual assaults committed by other patients. *See, e.g.,* S*loan v. Chelsea Cmty. Hosp.*, No. 300653, 2011 WL 5454567, at *5 (Mich. Ct. App. Nov. 10, 2011) (rejecting defendant hospital's motion for a directed verdict on plaintiff's negligence claim stemming from a sexual assault by another patient); *Dawe v. Bar-Levav & Assoc.*, 289 Mich. App. 380, 390, 808 N.W.2d 240, 247 (2010) ("It is undisputed a psychiatrist-patient relationship. . . is a 'special' relationship that imposes a duty to protect another from harm by a third party.").

While the court granted summary judgment for Defendant Wayne County on the federal counts, the court's factual determinations are not dispositive here because summary judgment was granted specifically based on the conduct of the county itself, not Defendant CHCP. (*See* ECF No. 85, PageID.1713.) The Supreme Court in *Frow v. De La Vega*, 82 U.S. 552 (1872) cautioned against the entry of inconsistent default judgments, but "many courts have determined that the *Frow* inquiry 'turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform.'" *Synovus Bank v. Highway Seventy Partners*, Case No. 14-02340, 2014 WL 7272395, at *1 (W.D. Tenn. Dec. 18, 2014) (quoting *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001)). So, the dispositive question here is whether the entry of a default judgment against Defendant CHCP "would be logically inconsistent" with the court's previous summary judgment ruling in favor of Defendant Wayne County and the county's employees. *Id.*

4

The court finds that the entry of a default judgment against Defendant CHCP would not result in a logical inconsistency. For instance, while the court found that no evidence supported Plaintiff's "failure to train" allegation against Defendant Wayne County regarding its deputies stationed in the ward (see ECF No. 85, PageID.1712-13), such a fact-based determination does not directly address if CHCP showed deliberate indifference in how it trained—or did not train—its own staff who were also present during the alleged sexual assault. Therefore, as a matter of logic, it is hypothetically possible to conclude that Defendant CHCP was liable for failing to train its own staff while Wayne County's own conduct was not a basis for liability against the county under 42 U.S.C. § 1983.

Likewise, the court's finding that Defendant Wayne County is shielded from Michigan tort law claims as a result of governmental immunity has no bearing on CHCP's liability as a private entity for the same claims. (See ECF No. 24, PageID.693-40.) Because Plaintiff's state tort law claims are facially valid, the court must also grant Plaintiff's request for a default judgment on the Michigan claims.

While Plaintiff's odds of recovery appear remote, given that CHCP's Detroit Hospital has been closed since 2006 and the entity appears defunct, Plaintiff seeks $1.5 million in "non-economic damages" from CHCP.[1] (ECF No. 87, PageID.1734.) "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir.

---

[1] Plaintiff does not specify if the requested $1.5 million judgment amount includes attorneys' fees. While Plaintiff may be entitled to attorney's fees under 42 U.S.C. § 1988, Plaintiff has not specifically requested such fees or provided any accounting of its costs with "reasonable certainty," so the court declines to award attorneys' fees. *See Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (citation removed).

5

1995). "The district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (citation removed).

In support of her non-economic damages request, Plaintiff provides five cases where a plaintiff was awarded damages (or settled) after a sexual assault. (ECF No. 87, PageID.1734.) Plaintiff contends that the damages awarded in those cases vary between $1 million and $1.8 million, thereby justifying its request for $1.5 million. (*Id.*) The court finds that the factual allegations in some of the cases are not directly analogous to the present action. As a result, the court concludes that the cases provided by Plaintiff justify a $1 million damages award—not the $1.5 million requested.

Plaintiff first points to *Diamond v. Witherspoon*, a Michigan case involving sexual assault, which Plaintiff alleges resulted in a "$1.8 million jury verdict" (*Id.*) But this is, at best, a contorted reading of the case; the court's review shows that the case resulted in a $2.625 million jury verdict against the City of Detroit after a male police sergeant committed criminal sexual assaults on three separate women at three different traffic stops. *See Diamond v. Witherspoon*, 265 Mich. App. 673, 675-80, 696 N.W.2d 770, 773-75 (2005). The verdict works out to an average award of about $875,000 for each of the three female victims. *See id.*

Plaintiff next cites a Western District of Michigan case where a sixteen-year-old female high school student was sexually assaulted on two different occasions in the school's locker room by a substitute teacher. *King v. Curtis*, No. 1:14-CV-403, 2019 WL 1109755, at *1 (W.D. Mich. Mar. 11, 2019); *M.K. v. CURTIS*, JVR No. 1801310023. After a 2017 bench trial, the court awarded a $1.8 million verdict against the substitute

teacher. *Id.* But the facts of *King* are also largely distinguishable from the present action. *King* involved a minor who was subjected to *two* separate instances of sexual assault, and the verdict was entered against the perpetrator, not the school district. *See id.*

Perhaps the case most in line with Plaintiff's view is a $1.4 million settlement reached by a Kentucky county after a single incidence of sexual assault in the county jail. *See Sester v. Grant County Detention Center,* Docket No. 2:03-cv-00066 (E.D. Ky. Mar. 27, 2003)*,* ECF Nos. 1, 100. However, because the resolution was a settlement, it is necessarily less probative of the value of the present case. And the other two cases, pointed to by Plaintiff that both involve single instances of sexual assault resulted in $1 million verdicts against the employer. *See Everson v. Picketts*, Case No. 08-00859 (W.D. Mich. 2008), ECF No. 167 (jury verdict for $1 million awarded to a plaintiff who was sexually assaulted by a police officer, which included both economic and non-economic damages); *EEOC v. Whirlpool Corp.*, Case No. 06-00593 (M.D. Tenn. 2009) ($1 million judgment for plaintiff for sexual assault). (ECF No. 87, PageID.1734.)

In sum, the court agrees that emotional damage from a single sexual assault can be immense and can have lasting effects justifying a high non-economic damages award. *See Proof of Damages for Sexual Assault*, 15 Am. Jur. Proof of Facts 3d 259 § 3 *Overcoming Societal Myths About Victims* (Nov. 2019 supp.). Since Plaintiff has properly obtained entry of a default against Defendant CHCP a large non-economic damages award is appropriate. However, after reviewing the other verdicts presented by Plaintiff in support of their requested $1.5 million non-economic damages award, the court finds that Plaintiff has failed, under the "reasonable certainty" standard, to support the requested figure. Indeed, all the cases presented by Plaintiff that involve only a

single, egregious sexual assault resulted in verdicts (or settlements) of less than $1.5 million. Therefore, the court's view is that the precedents presented by Plaintiff demonstrate with reasonable certainty that only a $1 million award of damages is appropriate. The court's review of other recent default judgment verdicts in factually analogous cases further buttresses this conclusion. *See, e.g., K.J.C. by & through Pettaway v. City of Montgomery,* No. 2:17-CV-91-ALB, 2020 WL 96586, at *1, 4 (M.D. Ala. Jan. 8, 2020) (awarding a $1 million default judgment—including $500,000 in compensatory damages and $500,000 in punitive damages—to a mentally disabled woman who was raped by a policeman responding to a call at her home). Accordingly,

IT IS ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 87) is GRANTED.

IT IS FURTHER ORDERED that Defendant CHCP shall pay Plaintiff $1,000,000.00 in damages.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 1, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 1, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\17-12094.MORGAN.MotionforDefaultJudgment.AAB.RHC.docx